UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHELBY KAY WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 1:12 CV 143 RWS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Petitioner Shelby Kay White has filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  White alleges that she was improperly sentenced because her prior drug conviction was incorrectly treated as a felony offense.  For the reasons set forth below, I will deny White's motion.

**I.     Background**

White was indicted by a Grand Jury sitting in the Southeastern Division of the Eastern District of Missouri on August 18, 2011.  White was charged with one count of Conspiracy to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. § 841 (a)(1) and one count of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 846.  On January 23, 2012, White pleaded guilty to the conspiracy charge and the United States Attorney agreed to dismiss the possession count.

A Presentence Investigation Report (PSR) was prepared to help me determine an appropriate sentence under the United States Sentencing Guidelines.  The PSR assigned White one criminal history point for a 2001 Missouri state court conviction for possession of a controlled substance.  For this conviction White received a suspended execution of a sentence to seven years incarceration in the Missouri Department of Corrections and five years of probation.

1

White was discharged from probation on February 3, 2005. White also has two prior minor offenses for which she received no criminal history points. Pursuant to the United States Sentencing Guidelines, White was given a Criminal History Category of I. This criminal history score rendered White eligible for "safety valve" relief, which permitted me to sentence her below the statutory minimum.

On May 1, 2012, I sentenced White to 60 months. The 60 months was far below the range recommended by the advisory sentencing guidelines range of 87-108 months. On August 24, 2012, White filed this motion to vacate her sentence pursuant to 28 U.S.C. § 2255.

## II. Discussion

### A. Procedural Bar

White alleges that I erred by incorrectly treating her prior drug conviction as a felony offense. White neither objected to the PSR at sentencing nor raised this issue on direct appeal. Because White could have advanced this claim on direct appeal, but did not, she is procedurally barred from now raising the issue in a § 2255 motion. See Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010). A petitioner may overcome this procedural bar by showing a cause for the procedural default and actual prejudice as a result of the alleged violation of law, or by demonstrating her actual innocence. Storey v. Roper, 603 F.3d 507, 523 (8th Cir. 2012). White alleges that she did not previously advanced her claim because U.S. v. Simmons, 649 F.3d 237 (4th Cir. 2011), changed the law so that she "was no longer a felon under federal law." [Doc. # 1, p. 23]. Even if the Simmons decision were binding in the Eighth Circuit, it is not applicable to the case at hand. Accordingly, White offers no cause for her failure to object at sentencing or raise this point on direct appeal. For that reason alone, White

2

cannot obtain relief in this collateral action for ground three.  Even if White's claim was not procedurally barred, it fails on its merits.

### B. White's Prior Drug Conviction

White claims that her criminal history was miscalculated, leading to a longer sentence:

> [White] was not a felon and therefore not guilty of being a felon.  Under U.S. v. Simmons, a person is not a felon under Missouri structured sentencing unless they were actually facing a computed sentence of 12 months.  The defendant's criminal history should be lower.

[Doc. # 1, p. 5].

White's reliance upon Simmons is misplaced. In Simmons, the defendant's statutory minimum sentence was enhanced as a result of the filing of a notice of sentencing enhancement pursuant to 21 U.S.C. § 851.  649 F.3d at 239.  The Fourth Circuit ruled that the enhancement was improper because the state court did not prove the conditions necessary to make the prior offense punishable by imprisonment for more than one year.  Id. at 241.  Here, unlike in Simmons, White's prior drug conviction is a felony offense.  White was sentenced by the state court to seven years of custody in the Missouri Department of Corrections.  Although the execution of the sentence was suspended, the offense was clearly punishable by imprisonment exceeding one year and therefore correctly classified as a felony conviction.

Furthermore, the classification of White's prior drug conviction as a felony rather than a misdemeanor had no effect on her criminal history category.  For her prior drug conviction, White was given a single criminal history point pursuant to the Federal

3

Sentencing Guidelines.  U.S. Sentencing Guidelines Manual § 4A1.1 (c) (2012).  This, in turn, led to her being assigned to the lowest criminal history category possible.  Id. at § 5A Intro (2012).  In fact, White would have been assigned to Category I even if she had no prior conviction of any kind.  Accordingly, White is not entitled to habeas relief.

### III.  Request for Evidentiary Hearing

A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless the motion, rules, and record conclusively show that the petitioner is not entitled to relief.  See Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008).  Because the record conclusively establishes that White is not entitled to relief, I need not hold an evidentiary hearing.

### IV.  Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (holding that a substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").  Because White has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Shelby Kay White's motion under 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that White's motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that this court will not issue a certificate of appealability, as White has not made a substantial showing of the denial of a federal constitutional right.

                                                  _____
                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2013.